UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAY ZOSLOW,

    Plaintiff,

v.                                                                                                       Case No: 8:17-cv-1441-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Ray Zoslow, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.    Procedural Background**

On June 23, 2006, Plaintiff was found disabled as of January 1, 2006. (Tr. 94.) During a continuing disability review, it was determined that Plaintiff had experienced a medical improvement and was no longer disabled as of May 9, 2013. (Tr. 94–96.) Upon Plaintiff's request, the ALJ held two hearings at which Plaintiff appeared and testified. (Tr. 36–79.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15–25.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1968, claimed continuing disability beginning on January 1, 2006. (Tr. 224, 236.) Plaintiff has a high school education. (Tr. 24.) Plaintiff's past relevant work experience includes work as a bagger and stocker. (*Id.*) Plaintiff alleged continued disability due to major depression, sleep disorder, learning disability, attention deficit disorder, and anxiety. (Tr. 225.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 2, 2013. (Tr. 17.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: depression, personality disorder, borderline intelligence quotient, attention deficit disorder, learning disability, chronic obstructive pulmonary disease, diabetes mellitus, obesity, and obstructive sleep apnea. (*Id.*) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with additional limitations. (Tr. 22.) Specifically, the ALJ found that Plaintiff is precluded from climbing ladders, ropes, or scaffolds and can occasionally climb ramps and stairs. (*Id.*) The ALJ further found that Plaintiff is precluded from performing work around dust, fumes, gases, noxious odors, extreme heat, or extreme cold, and is capable of no more than unskilled work involving occasional interaction with the general public. (*Id.*) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce

the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 23.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 24.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a sales attendant, an advertising material distributor, and an assembler. (Tr. 25.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that Plaintiff's disability ended as of May 9, 2013. (Tr. 25.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide whether the claimant can perform other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

When an ALJ assesses a claimant's continuing disability, the ALJ proceeds with the first two steps of the sequential evaluation process, then evaluates whether there has been a medical improvement. *See* 20 C.F.R. § 404.1594(b)(1), (f)(3). A medical improvement is defined as any decrease in the medical severity of the claimant's impairments based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairments. *See* 20 C.F.R. § 404.1594(b)(1). If there has been a medical improvement, the ALJ must determine whether it is related to the claimant's ability to do work and if his or her RFC has increased. *See* 20 C.F.R. § 404.1594(f)(4). The ALJ will then evaluate whether the claimant's current impairments in combination are severe, assess the claimant's current RFC, and determine whether the claimant can perform his or her past relevant work or other work. *See* 20 C.F.R. § 404.1594(f)(6)–(9). If the claimant is able to perform past or other work, the claimant's disability has ended. *See* 20 C.F.R. § 404.1594(f)(8).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the ground that the ALJ erred in accepting testimony from the VE regarding the jobs available to Plaintiff. Specifically, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 00-4p and that the VE's testimony was not supported by substantial evidence. Plaintiff argues that the "commonsense interpretation of [SSR 00-4p] requires that the ALJ consult the DOT in making this inquiry." (Dkt. 19 at 7.) Plaintiff further contends that the failure of the ALJ to recognize a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") requires remand. (Dkt. 19 at 9.) For the reasons that follow, Plaintiff's contention does not warrant reversal.

When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

During the hearing, the ALJ included Plaintiff's RFC restrictions in the hypothetical to the VE. (Tr. 73–74.) The VE testified that an individual with Plaintiff's RFC would be able to perform work as a sales attendant, an advertising material distributor, and an assembler. (Tr. 74–75.) The ALJ then inquired concerning whether the VE's testimony was consistent with the DOT, and the VE confirmed that it was. (Tr. 76.) The ALJ relied on this testimony in determining the jobs Plaintiff is able to perform. (Tr. 25.)

Plaintiff first argues that the VE's testimony regarding the job of a sales attendant conflicts with the DOT. (Dkt. 19 at 10.) Plaintiff contends that the DOT indicates that the job involves "significant" interaction with people, but the VE testified that a sales attendant would not be working with customers. (*Id*.) Plaintiff asserts that the ALJ must independently confirm that the

VE's testimony is consistent with the DOT, especially when the claimant is unrepresented. (Dkt. 19 at 10–11.)

Pursuant to SSR 00-4p, an ALJ must inquire during the hearing as to whether there is a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). SSR 00-4p (S.S.A.), 2000 WL 1898704. It further states that neither the DOT nor the VE trumps when there is a conflict, and the ALJ must resolve the conflict by determining if the explanation given by the VE is reasonable. (*Id.*) However, the Eleventh Circuit has explicitly found that SSR 00-4p is not binding as rulings do not have the force and effect of the law or regulations. *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x. 660, 662 (11th Cir. 2007).

Plaintiff admits that his position conflicts with the Eleventh Circuit's decision in *Leigh v. Commissioner of Social Security* in which the Eleventh Circuit held that if there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the VE trumps the DOT because the DOT is not the sole source of admissible information concerning jobs. 496 F. App'x 973, 974–75 (11th Cir. 2012). Plaintiff argues that *Leigh* was not published and is therefore not binding. (Dkt. 19 at 9.)

However, the court in *Leigh* based its decision on the binding Eleventh Circuit decision in *Jones v. Apfel*, which states that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." 190 F.3d at 1229. Although *Jones* was decided before SSR 00-4p became effective, the Eleventh Circuit has also entered opinions after SSR 00-4p became effective which are consistent with *Jones*. *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x. 793, 796 (11th Cir. 2011); *Miller*, 246 F. App'x. at 662 (recognizing SSR 00–4p but still finding that "[o]ur precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit"). Further, this District has consistently found that under SSR 00–4p,

an ALJ is "not under an independent obligation to identify and resolve any inconsistency aside from that identified by the VE." *Dixon v. Comm'r of Soc. Sec.*, No: 2:16–cv–679–FtM–CM, 2017 WL 5952681, at * 6 (M.D. Fla. Dec. 1, 2017); *Bellamy v. Berryhill*, No. 8:16–cv–1410–T–JBT, 2017 WL 4297323, at * 2 (M.D. Fla. Apr. 24, 2017); *Dickson v. Comm'r of Soc. Sec.*, No. 5:13–CV–48–OC–DNF, 2014 WL 582885, at *5 (M.D. Fla. Feb. 13, 2014) ("SSR 00–4p does not require an ALJ to independently investigate whether a conflict exists, it simply requires that [the] ALJ ask the vocational expert if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict") (citation omitted); *LeBlanc v. Astrue*, 8:11-CV-1646-T-JRK, 2012 WL 4378018, at *4 (M.D. Fla. Sept. 25, 2012). Thus, the ALJ is required to ask the VE if his or her testimony is consistent with the DOT. If the VE does not identify a conflict, the ALJ has no independent duty to investigate the existence of a conflict. Here, the VE testified that his testimony was consistent with the DOT. (Tr. 76.) Plaintiff's contention therefore does not warrant reversal. *See Hobbs v. Colvin*, No. 8:13-CV-3233-T-24, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (finding the "ALJ was permitted to base his findings about [jobs the plaintiff is able to perform] on the VE's testimony"); *Brijbag v. Astrue*, No. 8:06-CV-2356-T-MAP, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT."). Further, although Plaintiff relies heavily on cases from Fourth, Eighth, and Tenth Circuits, those cases are not binding on this Court. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions."); *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985) ("[A]uthority from one circuit of the United States Court of Appeals is not binding upon another circuit.").

Plaintiff next challenges the VE's testimony regarding the job of an advertising-material distributor. (Dkt. 19 at 11.) According to the DOT, an advertising-material distributor "[d]istributes advertising material, such as merchandise samples, handbills, and coupons, from house to house, to business establishments, or to persons on street, following oral instructions, street maps, or address lists." DICOT § 230.687-010, 1991 WL 67162. In his hypothetical to the VE, the ALJ restricted Plaintiff to light work and included that Plaintiff would need to avoid extreme heat and cold as well as dust, fumes, gases, or noxious odors. (Tr. 74.) Plaintiff argues that "[i]t is generally known that during certain seasons such as the winter in the northeast or the summer in Florida, it is extremely cold or extremely hot." (Dkt. 19 at 11.) However, the DOT description for an advertising-material distributor specifically states that extreme cold and extreme heat are not present. DICOT § 230.687-010, 1991 WL 67162. Plaintiff also contends that the ALJ failed to include a restriction limiting Plaintiff from exposure to gas fumes and dust (Dkt. 19 at 12); however, the ALJ included these restrictions in his hypothetical. (Tr. 74.) Plaintiff also asserts that the Court "can assume that this job involves constant walking at a quick pace." (*Id*.) There is no indication in the DOT description that walking at a quick pace is required to perform the job of an advertising-material distributor, nor does Plaintiff offer any further evidence or argument on this issue. DICOT § 230.687-010, 1991 WL 67162. Consequently, Plaintiff's contentions do not warrant reversal.

Last, Plaintiff contends that the VE's testimony was unreliable regarding the number of existing assembler jobs in the national economy that someone with Plaintiff's limitations can perform. (Dkt. 19 at 12.) During the hearing, the VE testified that there are approximately 236,000 assembler jobs in the national economy. (Tr. 75.) Plaintiff argues that this number is unreliable. (Dkt. 19 at 12.) In asserting his argument, Plaintiff relies on the Occupational Employment

Statistics compiled by the Bureau of Labor Statistics, which indicate a specific number of persons employed nationally in each occupation designated under the Standard Occupational Classification ("SOC") system. (*Id*.) Plaintiff contends that the assembler DOT position identified by the VE is a subcategory within the broader SOC category of occupations designated as "production workers." (*Id*.) Plaintiff asserts that the VE's testimony was unreliable because there are a total of 251,670 jobs within the broader SOC category, but there are other jobs within the SOC category. (*Id*.) Plaintiff asserts that the VE testified to the numbers of jobs in the SOC category rather than the number of jobs specific to the DOT occupation of assembler. (*Id*.)

The ALJ must articulate specific jobs that exist in national economy that a claimant can perform. *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 404.1566(a). The Eleventh Circuit "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015).

Plaintiff does not argue that there are not a significant number of assembler jobs that Plaintiff is able to perform, but rather that the number of assembler jobs in the national economy identified by the VE was inaccurate. As is evident from the testimony, the VE opined that there are a significant number of assembler jobs in the national economy that a person with Plaintiff's RFC could perform. (Tr. 74–75.) Although Plaintiff takes issue with the number of jobs the VE identified, his argument is not supported by the applicable law or evidence in the record. "The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE produce detailed reports or statistics in support of her testimony." *Bryant*

*v. Commissioner of Social Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *see also Curcio v. Commissioner of Social Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise."). Here, the VE testified concerning the assembler job, noted that there were over thousands of jobs available, and acknowledged that his testimony was consistent with the DOT. (Tr. 74–76.) At the hearing, Plaintiff did not object to the VE's testimony or qualifications. *Leigh*, 496 F. App'x at 975; *Hurtado*, 425 F. App'x at 795–96. Thus, the VE's testimony constitutes substantial evidence as it is relevant evidence that a reasonable person would accept as adequate to support the conclusion that there is work available in significant numbers in the national economy that Plaintiff is able to perform. *See Curcio*, 386 F. App'x at 926; *see also Jones*, 190 F.3d at 1230 (holding that an ALJ may rely solely on the testimony of the VE).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on July 11, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record